IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

LUKE HAM,

    Plaintiff,

vs.                                                                           1:23-cv-01057-DHU-JFR

CARMAX AUTO SUPERSTORES, INC.
*doing business as* CARMAX and
SAFECO INSURANCE COMPANY
OF AMERICA,

    Defendants.

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Plaintiff Luke Ham's Motion to Remand. Doc. 7. Having reviewed the parties' pleadings, Docs. 11, 15, and the applicable law, the Court finds that Plaintiff's motion is not well-taken and will be **DENIED**.

**I. BACKGROUND**

Around July 2022, Plaintiff purchased a car through CarMax online. He purchased the vehicle based on CarMax's representation that the vehicle had no prior accidents, which, according to Plaintiff, turned out to be untrue. On August 30, 2023, Plaintiff filed a three-count complaint ("the Original Complaint") in New Mexico state court for fraud (Count I), violations of the New Mexico Unfair Practices Act ("UPA"), N.M. Stat. Ann. §§ 57–12–1 to 57–12–26, (Count II), and negligence (Count III). *See id*.

Plaintiff named as a defendant "CarMax Auto Superstores West Coast, Inc, d/b/a CarMax" ("CarMax West"). On September 7, 2023, Plaintiff's process server delivered a copy of the complaint and summons. *See* Doc. 1-5 at 14. The proof of service indicates that the service processor left these documents with a person named Valerie Gallegos, an Assistant Business

Officer Manager at CarMax's Albuquerque car dealership, even though Defendant maintains a corporate registered agent for receiving servicing of process. *Id.*; Doc. 11 at 7.

On October 6, 2023, defense counsel emailed Plaintiff's counsel that he "will be representing CarMax." Doc. 7-1, 1. Then, in an October 23, 2023 phone call, defense counsel "stated that the defendant was improperly named" and told Plaintiff that the correct party "should have been … CarMax Auto Superstores, Inc[.] d/b/a/ CarMax." Doc. 7 at 2. Defense counsel asked Plaintiff to amend the complaint, and Plaintiff agreed. *Id.*

Plaintiff then filed a First Amended Complaint ("FAC") on October 23, 2023, in state court. The only change that Plaintiff made was to remove CarMax West as a defendant and name CarMax instead. CarMax received a copy of the complaint on October 26, 2023. Then on November 27, 2023, CarMax filed notice of removal to this Court. Doc. 1.

Plaintiff now moves to remand this action to state court based on Defendant's allegedly untimely removal. According to Plaintiff, under the doctrine of misnomer, misnaming Defendant was simply a technical error, so the 30-day removal clock under 28 U.S.C. § 1446(b)(1) began to run when he served CarMax West on September 7, 2023. *See Ki Beom Kim v. Dyna Flex, Ltd.*, 525 F. Supp. 3d 999, 1003 (E.D. Mo. 2021) ("In a misnomer situation, service on the original defendant is deemed proper and starts the clock on removal under 28 U.S.C. § 1446(b)(1).") Plaintiff also moves for attorney's fees incurred litigating the instant remand motion.

In response, Defendant argues that not only was it misnamed, but that Plaintiff failed to effectuate valid service because Plaintiff did not serve Defendant's registered agent. Instead, Plaintiff served Ms. Gallegos, whom Defendant asserts is "a local dealership employee with no authority to accept service of process on behalf" of Defendant. Doc. 18, 2. Because formal service

is needed to trigger the 30-day removal clock, Defendant argues that it was under no obligation to remove until it was served on October 26, 2023.

Service of process issues aside, Defendant also argues that Plaintiff has confused the doctrines of misnomer and misidentification. "Misidentification occurs when a plaintiff made a mistake in selecting the proper party to sue, and must add and serve process on the new defendant." *Ki Beom Kim*, 525 F. Supp. 3d at 1003. Unlike misnomer, "[w]hen a party must be added due to misidentification, the clock on removal does not run until the new party has been served." *Id.* Defendant argues that this is a case of misidentification because CarMax West is a distinct legal entity, so the removal clock began when Defendant was served on October 26, 2023. The Court will present additional arguments and facts as needed in the sections that follow.

## II. DISCUSSION

### A. Defendant Timely Removed the Action to this Court.

Removal to federal court is authorized for "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441. To exercise the right of removal, a defendant must file a notice of removal "within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based …." 28 U.S.C. § 1446(b)(1).

The Supreme Court has interpreted § 1446(b) to require formal service of process upon the defendant before the thirty-day removal period begins to run. *See Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347–48, 119 S. Ct. 1322, 1325, 143 L. Ed. 2d 448 (1999); *Jenkins v. MTGLQ Invs.*, 218 F. App'x 719, 724 (10th Cir. 2007) (holding that, because the removing defendant was improperly served, "the thirty-day period for filing a notice of removal set forth in 28 U.S.C. § 1446(b) never started to run") (citing *Murphy Bros.,* 526 U.S. at 351); *Alverson v.*

*Wells Fargo Bank, N.A.*, No. CV 18-0123 JB/KBM, 2018 WL 2234896, at *4 (D.N.M. May 16, 2018), *report and recommendation adopted,* No. CV 18-0123 JB/KBM, 2018 WL 2441156 (D.N.M. May 31, 2018) ("Formal service is required to trigger the thirty-day period for removal."). Without simultaneous service of the summons and complaint, or receipt of the complaint, "[a]n individual or entity named as a defendant is not obliged to engage in litigation." *Murphy Bros.*, 526 U.S. at 347–48.

The Court therefore asks whether service of process on Defendant was proper, mindful that Plaintiff bears the burden of establishing the validity of service. *See Fed. Deposit Ins. Corp. v. Oaklawn Apts.*, 959 F.2d 170, 174 (10th Cir. 1992). Federal courts in removed cases look to the law of the forum state, in this case New Mexico, to determine whether service of process was perfected prior to removal. *See Wallace v. Microsoft Corp.*, 596 F.3d 703, 706 (10th Cir. 2010). Both parties agree that the applicable state law is Rule 1-004(G), N.M.R.A 2017, which governs service upon a corporation or other business entity. Rule 1-004(G)(1) provides:

> Service may be made upon:
>
> a domestic or foreign corporation, a limited liability company or an equivalent business entity by serving a copy of the process to an officer, a managing or a general agent or to any other agent authorized by appointment, by law or by this rule to receive service of process. If the agent is one authorized by statute to receive service and the statute so requires, by also mailing a copy to the defendant;

N.M.R.A. 1-004(G)(1)(a).

Another subsection of the rule provides that "[i]f none of the persons mentioned is available, service may be made by delivering a copy of the process or other papers to be served at the principal office or place of business during regular business hours to the person in charge." N.M.R.A. 1-004(G)(2).

As noted, Plaintiff did not serve Defendant's registered agent, even though that agent is authorized by law to receive service of process. Plaintiff now argues that service was nonetheless effective because it was made on Ms. Gallegos. According to Plaintiff, Ms. Gallegos was "an authorized agent" because she identified herself as a member of the management team and accepted service. However, this argument fails because Plaintiff has not offered any information that Ms. Gallegos was "authorized by appointment, by law or by this rule [Rule 1-004(G)] to receive service of process." N.M.R.A. 1-004(G)(1)(a). In fact, Defendant established that its appointed agent is in Hobbs, New Mexico, but that Plaintiff did not serve that agent. Therefore, there is insufficient information to show that Ms. Gallegos was Defendant's "authorized agent," as Plaintiff claims.

Plaintiff instead seems to rely on the fact that Ms. Gallegos was a manager. As noted earlier, Rule 1-004(G)(1)(a) permits service of process on a "managing agent." As this Court has explained, a managing agent in the Rule 1-004(G)(1)(a) context means one who is "authorized to transact all business of a particular kind at a particular place and must be vested with powers of discretion rather than being under direct superior control." *Joe Hand Promotions, Inc. v. Serna*, No. 117CV00928JCHSCY, 2018 WL 4491171, at *3 (D.N.M. Sept. 19, 2018) (citation omitted).

Applying this standard in *Serna*, this Court held that service on a bar's manager was not sufficient, by itself, to establish that the manager was authorized to receive service. *See id.* Similarly, in *Quiroz v. DCT Enterprises of New Mexico, LLC*, service on a pizza store manager was insufficient because it was unclear "whether [the manager] ha[d] any qualifying role in managing Defendant, or whether he [was] merely a 'manager' in the sense of being the 'shift-lead,' or the most senior employee then on-site." No. 221CV01197, 2023 WL 1765383, at *2 (D.N.M. Feb. 3, 2023).

Here, Plaintiff submitted an affidavit from his process server to highlight that Ms. Gallegos did not refuse service or otherwise claim that she was unauthorized to receive service. *See* Doc. 15-4. However, in *Serna* and *Quoriz* the managers also accepted service and still the Court found that their managerial position alone did not show that they were authorized to accept service on the defendants' behalf. *See Quoriz*, 2023 WL 1765383, at *2; *Serna*, 2018 WL 4491171, at *3. Defendant describes Ms. Gallegos as "a local dealership employee with no authority to accept service of process on behalf" of Defendant. Doc. 18 at 2. Given the limited information known about Ms. Gallegos, this seems to be a fair characterization of her role. Consistent with *Serna* and *Quiroz*, the Court holds that Plaintiff has failed to establish that Ms. Gallegos was authorized to receive service under Rule 1-004(G)(1)(a).

Finally, while Plaintiff's method of serving process on Ms. Gallegos arguably could have met Rule 1-004(G)(2)'s alternative method of service of process, this method of service is permissible only when an officer or agent is not "available" to receive service of process. *Serna*, 2018 WL 4491171, at *4 (quoting N.M.R.A. 1-004(G)(2)). As Defendant correctly notes, its registered agent was "available" to receive service of process and existed for that exact purpose, but Plaintiff did not serve Defendant's registered agent. Therefore Rule 1-004(G)(2)'s alternative method of service of process is not applicable.

In summary, Plaintiff has not carried his burden to show that Ms. Gallegos was authorized to accept service of process on Defendant's behalf. Because Defendant was not properly served, the 30-day removal period under 28 U.S.C. § 1446(b) "never started to run," *Jenkins*, 218 F. App'x at 724, and Defendant was entitled to remove the case once it was properly served. Given this ruling, the Court need not address the parties' arguments about misnomer or misidentification.

**B. Plaintiff Is Not Entitled to Attorney Fees.**

Finally, Plaintiff seeks an award of attorney fees incurred as a result of the removal. Under 28 U.S.C. § 1447(c), "[a]n order remanding [a] case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." The award of such fees turns on the reasonableness of the removing party's actions. *Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 141 (2005). Given that Defendant was not effectively served the first time, Defendant had a reasonable basis to remove the action. An award of fees in this case would not be appropriate, and Plaintiff's motion is denied.

### III. CONCLUSION

For the reasons stated herein, **IT IS THEREFORE ORDERED** that Plaintiff Luke Ham's Motion to Remand **(Doc. 7)** is **DENIED**.

_____
HON. DAVID HERRERA URIAS
UNITED STATES DISTRICT COURT